CLD-007                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1507
_____

PRESIDENT MICHAEL CONIKER; RESOURCE SOLUTIONS LLC

v.

BISHOP JEFFREY MONFORTOH; RANDY CHRISTENSEN, PRESIDENT
(AFC.ORG); JOSEPH E. HUDAK, ESQ.; KYLE BROWN, DIRECTOR, BANK
ESCALATIONS GROUP; PNC BANK; PA STATE POLICE; STATE
TROOPER  PADASAK; THE MEADOWS PSYCHIATRIC CENTER; USA  FBI; FBI
AGENT SCOTT FRANCIS; MATTHEW SENTNER, PA, BELLEVUE POLICE
CHIEF; WILLIAM A. MC CAFFERTY, OH, STEUBENVILLE POLICE CHIEF;
ANDREW HREZO; DIOCESE OF STEUBENVILLE

Michael Coniker,
                                                                Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01184)
District Judge:  Honorable Marilyn J. Horan
_____

Submitted for Possible Summary Action, and on Appellees' Motions for Summary
Action, Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2023
Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: November 9, 2023)

_____

OPINION[*]

_____

PER CURIAM

Michael Coniker, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania that granted motions to dismiss his second amended complaint because it failed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Most of the appellees have moved for summary affirmance. For the following reasons, we grant those motions and will summarily affirm the District Court's judgment.

Coniker filed a complaint, which he later amended, on his own behalf and on behalf of Resource Solutions, LLC. (ECF 1; 9.) The District Court dismissed the amended complaint without prejudice because it did "not pass 'the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)." (ECF 13, at 3.) The District Court provided Coniker 30 days to file an amended complaint. (Id. at 10.) Coniker then filed a second amended complaint, naming 14 defendants. (ECF 21.) All but two of those defendants filed motions to dismiss. (ECF 24 & 25; 26 & 27; 32; 33 & 34; 35 & 36; 38 & 39; 43 & 44; 55 & 56.) The District Court granted those motions and sua sponte dismissed the two nonmoving defendants,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

explaining that the second amended complaint still "provide[d] no supporting factual allegations to support any of the named claims." (ECF 75, at 7.) Coniker timely appealed.[1] (ECF 84.) The parties who filed motions to dismiss in the District Court have requested that we summarily affirm the District Court's judgment. (Docs. 14; 18; 22 & 35; 24; 25; 29; 33; 34.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion the District Court's dismissal of a complaint for failure to comply with the requirements of Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Whether the "short and plain statement" requirement is satisfied "is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). Rule 8 does not require "detailed factual allegations," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), but a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing whether a complaint complies with Rule 8, we "are

---

[1] Coniker cannot proceed pro se in this appeal on behalf of Resources Solutions, LLC. See Simbraw v. United States, 367 F.2d 373, 373-744 (3d Cir. 1966) (per curiam) (providing that a corporation may appear in federal courts only through licensed counsel); Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam) (stating that an individual proceeding pro se may not represent third parties in federal court).

more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett, 938 F.3d at 92.

We conclude that the District Court did not abuse its discretion in holding that Coniker's second amended complaint failed to comply with Rule 8. See id. at 92 (stating that "the question before us is not whether we might have chosen a more lenient course than dismissal . . . but rather whether the District Court abused its discretion in ordering the dismissal") (citation omitted). In that complaint, Coniker listed several items that were at issue in the case: "Freedom of religious beliefs and expression," "freedom of unjust confinement," "freedom of thought expression," "excessive bail," "due process," "feel safe in home and in belongings," and "honest treatment by law enforcement and health case system." (ECF 21, at 4.) The remainder of the complaint reads in its entirety as follows:

> $8,000,700.00 … [is] owed to Plaintiff as a basic reclamation of huge damages done to the family life [of] Michael Coniker and his biological children of God and Marie Annette Coniker prior to the calculated damages and compounded violations of rights the Jerry and Gwen Coniker family unjustly judged on March 17, 2012 and April 2nd, 2012. Andrew Hrezo and Bishop Jeffrey Monforton are involved in independent attacks against Michael Coniker and the truth regarding the formal inquisition the Diocese of Steubenville opened in the year 2007. That Coniker legacy matter went rogue and illegal on April 2nd, 2012. Andrew Hrezo also hired a lawyer to argue the [grossly unjust] Order of Court issued by Judge Donald R. Walko, Jr., on 19 Sept. 2012 (AC Family Court) was obsolete; then days later that order was used to wrongfully remove thousands of dollars from Plaintiff's Resource Solutions bank account. Since March 28, 2012, Michael Coniker has become a [whistle] blower, an inadvertent side effect of the CT idea that God put in his brain that day.

This quotation makes clear that the complaint lacked a comprehendible factual narrative underpinning any of the above-listed items. Indeed, Coniker failed to connect the vague

4

bases for relief to any facts demonstrating that the defendants may be liable for misconduct. The complaint mentioned only two of the defendants who were listed in the caption, Andrew Hrezo and Bishop Jeffrey Monforton, and those references fell well short of putting the defendants on notice of any claims against them. We thus conclude that this is a case where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[2] Garrett, 938 F.3d at 94 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

For the foregoing reasons, this appeal does not present a substantial question. Accordingly, we grant the appellees' motions for summary action and will affirm the District Court's judgment.

---

[2] We also agree that providing Coniker with leave to file a third amended complaint would have been futile, and that the District Court did not abuse its discretion by dismissing his second amended complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).